FISCHER, Respondent, vs. SCHULTZ and another, Appellants.

*January 19 — February 8, 1898.*

*Fraudulent conveyances: Evidence: Homestead: Selection: Waiver.*

1. Plaintiff commenced a tort action against the owner of a farm, in which she recovered judgment. Before the action was brought to trial the defendant conveyed the farm without consideration to his minor son, who lived with him on the farm, by a deed dated three years before it was executed and acknowledged. At the same time the son executed and delivered to his father a conveyance of the premises, in form a warranty deed, but in fact a mortgage to secure the payment of a note for $2,000. A finding that the conveyance to the son was fraudulent and void as to the plaintiff, is *held* to be sustained by the evidence.

2. In an action to set aside as fraudulent a conveyance of land, part of which was a homestead, and to subject the land to the lien of plaintiff's execution, the debtor by failing to make selection of his

homestead or to claim any specific part of the land as such in his answer, waived his statutory right of selection; and it thereupon became the duty of the court, in order to prevent further litigation, to set off a homestead for him.

APPEAL from a judgment of the circuit court for Dodge county: WARHAM PARKS, Circuit Judge. *Affirmed.*

This is an action to set aside a deed of a farm consisting of seventy-three acres, made by *William F. Schultz* to his son, *Charles R. Schultz*, on the ground that the same was fraudulent as to the plaintiff.

On the trial it appeared that in September, 1893, the plaintiff commenced an action of tort against the defendant *W. F. Schultz*, and recovered judgment thereon in November, 1894, for $1,000 damages, and costs, and that execution was issued on said judgment, and returned unsatisfied; that at the time of the commencement of said action *W. F. Schultz* owned a farm of seventy-three acres of land in Dodge county, and had owned and occupied the same for many years; that at said time the defendant *C. R. Schultz*, his son, who was then between nineteen and twenty years of age, lived with his father upon said land; that on the 10th day of November, 1893, *William F. Schultz* executed a deed of all said land to said *Charles R. Schultz*, which deed was dated November 1, 1890, but was acknowledged and executed November 10, 1893. At the same time *Charles R. Schultz* executed and delivered to his father a conveyance of the same premises, which was in form a warranty deed, but was in fact given to secure a note of $2,000, payable ten years after November 1, 1890, with interest at five per cent. thereon.

The circuit court found that the deed and mortgage were not made in good faith, and that no consideration was ever given for the deed, and that said deed and mortgage were made with intent to defraud the creditors of *William F. Schultz*, and for the special purpose of defeating any judgment which the plaintiff might obtain. The court further

found that the south forty acres constituted the homestead of *William F. Schultz*, and set aside the transfer of all that part of the premises not included in the homestead.

From this judgment the defendants appeal.

For the appellants there was a brief by *Malone & Bachhuber*, and oral argument by *J. E. Malone*.

For the respondent the cause was submitted on the brief of *Lewis & Lewis*.

WINSLOW, J.    Careful perusal of the evidence satisfies us that the findings of the circuit court to the effect that the deed of the farm made by the father to his son was fraudulent and void because made without consideration and for the purpose of defeating the plaintiff in the collection of any judgment which he might obtain, are entirely justified by the evidence.    This being so, the only question remaining is as to the homestead.

The farm was composed of seventy-three acres of land, being one forty and the north thirty-three acres of another forty adjoining it on the south.    The buildings were located upon the south thirty-three acres.    The defendant *William* testifies that in November, 1890, he made an oral arrangement with his son to deed the land to him (his son being then sixteen years of age), and that the deed made in November, 1893, was simply an execution of this parol agreement; that when the parol agreement was made he (*William*) stated that the east forty acres — that is, a long strip of land off the east side of the seventy-three acres — was his homestead. There was never anything done to indicate this alleged selection in any way.    The fact is that the east strip so claimed comprises the most valuable part of the land, the west part being low and swampy.    There was no other evidence of selection of homestead at any time.    The story is improbable on its face, because there was nothing to call for a selection at that time, and the trial judge evidently disbelieved this

testimony, as he disbelieved the entire testimony with regard to the supposed parol contract. He was entirely justified in such conclusion by the evidence. The findings, in effect, negative the alleged selection.

After the defendant *William* had thus conveyed his entire farm, he never attempted to make any selection, nor in his answer did he claim any specific forty as his homestead. In this situation it was plainly the duty of the court to put at rest the whole matter in controversy so far as it could be done, and prevent further litigation. The purpose of the action is to subject the land, or some part of it, to the levy of the plaintiff's execution, and the judgment would be plainly imperfect and defective if it decided that a part of the land was subject to levy, but did not decide which part. The claimant of the homestead having failed to make his selection or make any specific claim in his pleadings, we think it became the duty of the court to fix the homestead right, on the ground that the claimant had waived his statutory right of selection.

*By the Court.*— Judgment affirmed.